USCA1 Opinion

 

 June 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2196 ROLAND E. HUSTON, JR., Plaintiff, Appellant, v. GERMANO M. MARTINS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Roland E. Huston, Jr., on brief pro se. _____________________ Jeffrey R. Howard, Attorney General, and William C. McCallum, __________________ _____________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Roland E. Huston, Jr., appeals from __________ the district court's dismissal of his suit against a New Hampshire child support enforcement official and his ex- wife's private attorney under 42 U.S.C. 1983. We affirm substantially for the reasons given in the magistrate judge's report dated May 26, 1992, and order dated July 6, 1992, which the district court approved in its order dated September 27, 1995. We add only the following comments. 1. From the facts as alleged by appellant, which we take as true, see Coyne v. City of Somerville, 972 F.2d ___ _____ ___________________ 440, 443 (1st Cir. 1992), no action adverse to his interests was taken as a result of the letters haling him into state court. Nor was the conduct of the state agent "conscience- shocking" to the degree necessary to constitute a substantive due process violation. See Amsden v. Moran, 904 F.2d 748,754 ___ ______ _____ (1st Cir. 1990). The district court's determination that appellant's allegations do not make out a due process violation was correct.  2. Because a 1983 conspiracy claim requires proof of a constitutional deprivation, Brennan v. Hendrigan, _______ _________ 888 F.2d 189, 195 (1st Cir. 1989), appellant's conspiracy claim, premised on the alleged due process violation, was also properly dismissed. 3. Appellant's abstention argument is rendered moot by the magistrate's July 6, 1992, order and the district court's decision on the merits of the complaint. -2- Affirmed. ________ -3-